RACHEL E. KAUFMAN (CAL BAR NO. 259353)
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881
rachel@kaufmanpa.com

*Attorney for Plaintiff and the Putative Class*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MARK AUSSIEKER,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>*v.*<br><br>**VERCY L.L.C.,** a California limited liability company,<br><br>*Defendant.* | <u>**CLASS ACTION**</u><br><br>**JURY TRIAL DEMAND** |

1.     Plaintiff Mark Aussieker ("Plaintiff") brings this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of automated and prerecorded telephone calls, which, Congress found, were rightly regarded as an invasion of privacy.  *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

2. Plaintiff alleges that Vercy L.L.C. made prerecorded voice telemarketing calls to Plaintiff and other putative class members without their consent using an artificial voice.

3. The Plaintiff and putative class members never consented to receive these calls. Because prerecorded voice marketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, the Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal robocalls from or on behalf of the Defendant.

4. A class action is the best means of obtaining redress for the Defendant's wide-scale illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

**Parties**

5. Plaintiff, Mark Aussieker, resides in California.

6. Defendant Vercy L.L.C. is a California limited liability company with its principal place of business within this district.

**Jurisdiction & Venue**

7. The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

8. The Court has personal jurisdiction over the Defendant because it

**CLASS ACTION COMPLAINT**

engaged in telemarketing conduct from this District.

9.     Venue is proper under 28 U.S.C. § 1391(b)(1) because a substantial part of the events or omissions giving rise to the claim occurred in this District, as the robocalls were made from this District.

## TCPA Background

10.     The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." *See* 47 U.S.C. § 227(b)(1)(A)(iii).  The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A).  *See* 47 U.S.C. § 227(b)(3).

11.     According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

12.     The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG

Docket No. 02-278, Report and Order, 18 F.C.C. Rcd. 14014, 14115 ¶ 165 (2003).

13.    While "prior express consent" is required for all automated and prerecorded calls, in 2013, the FCC required "prior express written consent" for all such telemarketing calls to wireless numbers and residential lines.  Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer:  (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

14.    "Telemarketing" is defined as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 C.F.R. § 64.1200(f)(12).

15.    Encouraging people to hold telemarketers accountable on behalf on their fellow Americans, the TCPA provides a private cause of action to persons who receive such calls. 47 U.S.C. § 227(b)(3).

**Factual Allegations**

16.  Vercy offers tax relief services.

17.  To sell its products and services, Vercy relies on telemarketing.

18.  One of the telemarketing strategies used by Defendant involves the use of prerecorded messages to solicit potential customers to use its services.

19.  While such automated technology may save time and money for Vercy's telemarketing efforts, it violates the privacy rights of the Plaintiff and putative class.

<u>Calls to Plaintiff Aussieker</u>

20.  Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

21.  Mr. Aussieker's telephone number, 916-XXX-XXXX is registered to a cellular telephone service.

22.  Vercy called Mr. Aussieker on his cellular telephone with a pre-recorded message on March 19, 2021.

23.  The purpose of the call was to sell Vercy's services to Mr. Aussieker in exchange for a fee.

24.  Confirming that Vercy made the call and was offering its services, Mr. Aussieker responded to the prerecorded voice's questions to be transferred to a live person.

25.  Once transferred, Mr. Aussieker was connected with "Justin".

26.  "Justin" sent a text message to Mr. Aussieker confirming that Vercy's

**CLASS ACTION COMPLAINT**

services were being offered.

27.     Defendant's calls invaded Plaintiff's privacy and intruded upon his right to seclusion. The calls frustrated and upset Plaintiff by interrupting his daily life and wasting his time.

28.     Plaintiff did not provide prior express written consent to receive Defendant's calls prior to the receipt of the calls.

## Class Action Allegations

29.     As authorized by Rule 23(b)(2) and/or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a class of all other persons or entities similarly situated throughout the United States.

30.     The Class of persons Plaintiff propose to represent is tentatively defined as:

> Robocall Class: All persons within the United States to whom: (a) Defendant and/or a third party acting on their behalf, made one or more non-emergency telephone calls; (b) to their cellular telephone number; (c) using an artificial or prerecorded voice; and (d) at any time in the period that begins four years before the date of the filing of this Complaint to trial.

31.     Excluded from the Class are counsel, the Defendant, and any entities in which the Defendant have a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

32.     The Class as defined above is identifiable through phone records

and phone number databases.

33.     The potential Class members number at least in the thousands. Individual joinder of these persons is impracticable.

34.     The Plaintiff Aussieker is a member of the Robocall Class.

35.     There are questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

a.  Whether Defendant violated the TCPA by using artificial and/or prerecorded calls to contact putative class members' cellular telephones;

b.  Whether Defendant placed calls without obtaining the recipients' prior express consent for the calls;

c.  Whether the Plaintiff and the class members are entitled to statutory damages because of Defendant's actions.

36.     The Plaintiff's claims are typical of the claims of class members.

37.     The Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class, he will fairly and adequately protect the interests of the Class, and counsel skilled and experienced in class actions, including TCPA class actions, represents him.

38.     Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy.  The only individual question concerns identification of class members, which will be ascertainable from records

**CLASS ACTION COMPLAINT**

maintained by Defendant and/or their agents.

39.     The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

40.     The Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for the entire Class's membership described above.

## **LEGAL CLAIMS**

### **First Claim for Relief**
### **Violation of the TCPA's Automated Call provisions**

41.     The Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

42.     Defendant's call was made without the prior express consent, or the prior express written consent, of the called parties. 47 C.F.R. § 64.1200(a)(2); 47 C.F.R. § 64.1200(f)(8).

43.     The Defendant violated the TCPA by (a) using a prerecorded voice to make calls to cellular telephone numbers without the required consent, or (b) by the fact that others made those calls on its behalf.  *See* 47 U.S.C. § 227(b).

44.     The Defendant's violations were willful and/or knowing.

45.     The TCPA also authorizes injunctive relief, and the Plaintiff seeks injunctive relief prohibiting Defendant from calling telephone numbers using an a

prerecorded voice, absent an emergency circumstance.

## Relief Sought

WHEREFORE, for himself and all class members, Plaintiff requests the following relief:

A.      Injunctive relief prohibiting Defendant from calling telephone numbers using a prerecorded voice absent an emergency circumstance.

B.      Because of Defendant's violations of the TCPA, Plaintiff seeks for himself and the other putative Class members $500 in statutory damages per violation or—where such regulations were willfully or knowingly violated—up to $1,500 per violation, pursuant to 47 U.S.C. § 227(b)(3).

C.      An order certifying this action to be a proper class action under Federal Rule of Civil Procedure 23, establishing any appropriate class the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class.

D.      Such other relief as the Court deems just and proper.

**CLASS ACTION COMPLAINT**

1

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

2

Respectfully submitted,

3

**MARK AUSSIEKER**, individually and on

4

behalf of those similarly situated individuals

5

Dated: March 23, 2021          By: */s/ Rachel E. Kaufman*

6

Rachel E. Kaufman (Cal Bar no. 259353)

7

rachel@kaufmanpa.com

K<small>AUFMAN</small> P.A.

8

400 NW 26th Street

9

Miami, FL 33127

Telephone: (305) 469-5881

10

11

*Attorney for the Plaintiff and the putative*

*Class*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CLASS ACTION COMPLAINT**