RACHEL E. KAUFMAN (Cal. Bar No. 259353)
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881
rachel@kaufmanpa.com

*Attorney for Plaintiff and the Putative Class*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MARK AUSSIEKER,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**VERCY LLC**,<br><br>*Defendant.* | Case No. 8:21-cv-00531-DOC-JDE<br><br>**JOINT SCHEDULING REPORT AND DISCOVERY PLAN**<br><br>Scheduling Conference: July 12, 2021<br>Time: 8:30 a.m.<br>Location: Courtroom 9D, Santa Ana Courthouse<br>Judge: Honorable David O. Carter |

Pursuant to Federal Rules of Civil Procedure 16, 26(f) and Local Rule 26-1, Plaintiff Mark Aussieker and Defendant Vercy LLC submit the following joint scheduling report and discovery plan:

1. <u>Statement of the Case</u>: This is a putative class action alleging that Defendant makes unsolicited prerecorded voice calls to consumers in violation of the

Telephone Consumer Protection Act, 47 U.S.C. § 227. The Complaint includes one claim for Defendant's violations of the TCPA, 47 U.S.C. § 227(b), by (a) using a prerecorded voice to make calls to cellular telephone numbers without the required consent, or (b) by the fact that others made those calls on its behalf.

2.  <u>Legal Issues</u>: The key legal issues anticipated by the Plaintiff is as follows: whether Defendant violated the TCPA by using artificial and/or prerecorded calls to contact putative class members' cellular telephones; whether Defendant placed calls without obtaining the recipients' prior express consent for the calls; whether the Plaintiff and the class members are entitled to statutory damages because of Defendant's actions; whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct; and whether Plaintiff can meet his burden under Rule 23(a) of the Federal Rules of Civil Procedure of establishing numerosity, commonality, typicality and adequacy with respect to the proposed class, as well as at least one ground for certifying a class pursuant to Rule 23(b).

3.  <u>Whether parties are likely to be added and whether the pleadings are likely to be amended</u>: Plaintiff does not anticipate amending the complaint or adding any parties.

4.  <u>Anticipated Motions</u>: Plaintiff anticipates filing a motion for class certification and a motion for summary judgment.

5. <u>Settlement Efforts</u>: The parties have preliminarily discussed settlement, and agree to continue discuss settlement as the action progresses.

6. <u>Discovery Plan</u>:

    (A) what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made:

The parties will exchange initial disclosures in the form required by Rule 26(a) on June 30, 2021.

    (B) the subjects on which discovery may be needed:

*Plaintiff*: Plaintiff anticipates serving an initial set of discovery directed primarily towards Defendant's defenses to Plaintiff's claims, identifying all parties involved in the making of unsolicited calls by or on behalf of Defendant, including information relating to the instructions to make the calls, as well as information sufficient to identify the recipients of the calls. This written discovery will seek information maintained by Defendant, any agent of Defendant, and vendors from whom Defendant obtains products and services. Plaintiff then intends to depose Defendant relating to its defenses and the calls at issue, and will serve additional written discovery as necessary. Plaintiff will also depose Defendant's third party vendors supplying leads to Defendant. Finally, Plaintiff intends to obtain written

discovery regarding, and the depositions of, any experts retained by Defendant in connection with Plaintiff's and the Class's claims.

*Defendant*: Defendant will be conducting discovery pursuant to the Federal Rules of Civil Procedure. If any discovery issues arise between the parties, the parties will endeavor to resolve them in good faith before raising any such issue before the court.

> (C) any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced:

The parties have not presently identified any potential issues relating to the preservation of discoverable information, and agree to take required measures to ensure preservation of relevant information by the parties and any third party vendors. The parties will endeavor to jointly prepare a suitable ESI protocol for entry by the Court.

> (D) any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502:

The parties do not anticipate any issues regarding claims of privilege or of work product protection. The parties have not yet reached agreement on a

procedure to assert claims of privilege or work product after production, but will continue to discuss this issue as discovery proceeds.

   (E) what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed:

The parties do not believe any limitations on discovery should be imposed other than as provided in the federal and local rules.

   (F) any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c):

The parties will endeavor to jointly prepare a suitable protective order for entry by the Court.

  7. <u>Preliminary Trial Estimate</u>: Plaintiff has requested a jury trial. The parties believe that any trial estimate will be significantly impacted by this Court's ruling on class certification issues. Nevertheless, to comply with the Court's Order, the parties estimate that trial may require 3-5 days if the matter proceeds as a class action and 1 day if the matter proceeds as an individual action.

  8. <u>Other issues and four proposed, specific dates</u>:

The parties agree to the following dates:

  a. Plaintiff's Certification Expert Report due: February 28, 2022

  b. Defendant's Certification Expert Report due: March 28, 2022

  c. Certification Motion to be filed: April 18, 2022

  d.  Certification Opposition to be filed: May 9, 2022

  e.  Certification Reply to be filed: May 23, 2022

  f.  Fact Discovery Cut Off: June 27, 2022

  g.  Affirmative substantive expert reports due: July 18, 2022

  h.  Rebuttal substantive expert reports due: August 8, 2022

  i.  Dispositive motion cut off (hearing date): November 14, 2022

  j.  Final Pretrial Conference: Monday, January 16, 2023

  k.  Trial Date: Tuesday, January 31, 2023

<u>Other Issues</u>:

The parties have agreed to service of all documents filed on CM/ECF through CM/ECF and service of all other documents by email to the following email addresses:

 Plaintiff: rachel@kaufmanpa.com; kaufman@kaufmanpa.com

 Defendant: bphillips@phillipslawcorporation.com

          Respectfully Submitted,

Dated: June 28, 2021    By:  <u>/s/ Rachel E. Kaufman</u>
            Rachel E. Kaufman
            rachel@kaufmanpa.com
            KAUFMAN P.A.
            400 NW 26th Street
            Miami, FL 33127
            Telephone: (305) 469-5881

*Counsel for Plaintiff and all others similarly situated*

By:  */s/ Brent R. Phillips*
     Brent R. Phillips
     Phillips Law Corporation
*Attorney for Defendant Vercy, LLC*

### ATTESTATION PURSUANT TO LOCAL RULE 5-4.3.4(2)(i)

Pursuant to Local Rule 5-4.3.4(2)(i), I, Rachel Kaufman, attest that all other signatories listed and on whose behalf the filing is submitted concur in this filing's content and have authorized this filing.

By:  */s/ Rachel E. Kaufman*
     Rachel E. Kaufman